**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.**

**BANC ENTERPRISES CORPORATION,**

**Defendant.**

# COMPLAINT

Plaintiff United States of America, on behalf of the Commodity Credit Corporation of the United States Department of Agriculture, brings this civil action against defendant Banc Enterprises Corporation for violations of the Fair and Equitable Tobacco Reform Act of 2004, 7 U.S.C. §§ 518–519a, and states as follows.

## Parties

1. Plaintiff United States of America brings this lawsuit as the real party in interest based upon claims of the Commodity Credit Corporation ("CCC"), a component of the Department of Agriculture. The Department's Farm Service Agency administered the Fair and Equitable Tobacco Reform Act of 2004 ("FETRA") on behalf of the CCC. The Farm Service Agency is located at 1400 Independence Avenue, SW, Washington, DC, 20250.

2. Defendant Banc Enterprises Corporation ("Banc Enterprises") was an importer of cigars and cigarettes. Banc Enterprises was a Nevada corporation with its principal place of business at 1571 NW 93rd Avenue, Doral, FL 33172.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 15 U.S.C. § 714b(c).

4. Venue in this District is proper because Banc Enterprises is located in this District for purposes of 28 U.S.C. § 1391(b)(1), (c), and because a substantial part of the events giving rise to this action occurred in this District. *Id* at § 1391(b)(2).

**Assessments Under FETRA**

5. From the 1930s through 2004, federal law regulated the production of American tobacco by setting quotas on how much tobacco could be grown and by guaranteeing a minimum price for what was grown. FETRA terminated these quota and price support programs and transitioned the American tobacco industry to a free market. 7 U.S.C. §§ 518–519a.

6. To ease tobacco manufacturers' transition to a free market, FETRA provided eligible tobacco farmers with annual payments over ten years (fiscal years 2005–2014). *Id* at §§ 518a, 518b. The Secretary of Agriculture, acting through the CCC, funded those payments by imposing assessments on manufacturers and importers of tobacco products during every quarter of the same ten-year period. *Id.* at § 518d.

7. To calculate these quarterly assessments, the CCC first projected the transition program costs for a particular year, *Id.* at § 518d(b)(2), then it allocated those costs among each of six classes of tobacco products (e.g., cigarettes, cigars), *Id.* at § 518d(c), and finally it divided each class's portion of the costs among the manufacturers and importers in that class according to their respective market shares of the gross domestic volume of that class of products. *Id.* at § 518d(e), (f).

8. Manufacturers and importers subject to FETRA were required to submit to the CCC information necessary to compute their respective shares of gross domestic volume for each class of tobacco products. *Id.* at § 518d(h)(1), (h)(2). If an entity knowingly failed to provide this information, or reported false information, it could be assessed a civil penalty of up to two percent of the value of the tobacco products it manufactured or imported during the fiscal year of the violation. *Id.* at § 518d(h)(3).

9. Assessment payments were due at the end of each quarter. *Id.* at § 518d(d)(3)(A). At least thirty days before the collection date, the CCC notified each manufacturer or importer of the amount of its assessment. *Id.* at § 518d(d)(1), (d)(2). The CCC assessed interest on any amounts not paid by the collection date. 7 C.F.R. § 1463.9(d).

10. Manufacturers and importers could administratively challenge the amount of any assessment within 30 business days of receiving notice of the assessment. 7 U.S.C. § 518d(i). Judicial review is available after administrative remedies are exhausted. *Id.* at § 518d(j).

**Defendant Banc Enterprises**

11. Defendant Banc Enterprises imported cigars and cigarettes from fiscal years 2005-2008, but never reported its activities to the CCC as required by law.

12. In 2010, the CCC obtained annual U.S. Customs data from the United States Department of Treasury and thereby learned of Banc Enterprises' importing activities. The CCC then used this information to compute Banc Enterprises' share of domestic volume for each class of tobacco products and imposed assessments of $1,064,064.73.

13. The CCC further imposed civil penalties in the amount of $2,500,040.79 for the company's failure to file annual reports as required by law.

14. Although the CCC notified Banc Enterprises of these assessments and penalties in 2010, the company never paid any of its debt owed under FETRA.

15. Defendant Banc Enterprises has never filed any administrative action challenging the agency's assessments.

16. As of November 30, 2015, Defendant Banc Enterprises' outstanding balance, including late payment interest, was $3,564,105.52, all of which is currently delinquent.

**COUNT I (Violation of 7 U.S.C. § 518d)**

17. The United States of America incorporates paragraphs 1 through 16 of this Complaint as if set forth here in full.

18. Defendant Banc Enterprises has violated 7 U.S.C. § 518d by failing to pay the assessments and interest payments the company owes the CCC under FETRA.

**COUNT II (Violation of 7 U.S.C. § 518d(h)**

19. The United States of America incorporates Paragraphs 1 through 18 of this Complaint, as if set forth here in full.

20. Defendant Banc Enterprises has violated 7 U.S.C. § 518d(h) by failing to submit information to the CCC as required by that provision.

21. Defendant Banc Enterprises has also violated 7 U.S.C. § 518d(h) by failing the pay the civil penalties and interest payments the company owes the CCC under FETRA.

**Prayer for Relief**

22. Wherefore, the United States of America requests that this Court:

   a. Enter judgment in favor of the United States of America on both counts of the Complaint;

b. Order Defendant Banc Enterprises to pay the outstanding and delinquent amounts owed, plus interest that becomes delinquent pending the resolution of this action and interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961, until paid in full;

c. Award the United States of America additional relief as the Court deems just.

Dated: February 8, 2016

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Director
Federal Programs Branch

*/s/Jean-Michel Voltaire*
JEAN-MICHEL VOLTAIRE
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 616-8211| Fax: (202) 616-8470
jean.michel.voltaire@usdoj.gov

*Counsel for Plaintiff*